UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTAL GALE BEAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Christal Gale Bean's Motion for Compassionate Release [Doc. 1889] pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 1895]. Federal Defender Services filed a notice that it does not intend to file any additional pleadings [Doc. 1899]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion [Doc. 1889] is **DENIED**.

**I.  BACKGROUND**

On January 9, 2018, Defendant was charged with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h), among other charges [Doc. 3, pgs. 17–19]. Because Defendant was in state custody, the Court issued a writ of habeas corpus *ad prosequendum* to bring her to federal court [Doc. 31]. On January 3, 2019, she pleaded guilty to the money-laundering conspiracy charge [Docs. 764, 808]. Because the calculated guideline range exceeded the statutory maximum for that offense, Defendant's guideline range was restricted to 240 months [Doc. 932, ¶ 97]. At sentencing, the Court departed below the guideline range and sentenced Defendant to a term of 168 months' imprisonment and a three-year term of supervised release

1

[Docs. 1352, 1353]. The federal sentence was to run concurrent to any sentence imposed in cases pending before the Anderson County Criminal Court and General Sessions Court [Doc. 1353, pg. 2]. Defendant is currently incarcerated at FMC Lexington, Kentucky with a projected release date of October 26, 2030. Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 4, 2024). On February 21, 2023, Defendant submitted a request for compassionate release, which the warden denied on February 28, 2023 because Defendant did not clarify how she wanted to be considered for compassionate release [Doc. 1889-5, pg. 1]. On July 31, 2023, Defendant filed the Motion for Compassionate Release that is currently before the Court [Doc. 1889]. Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and asserts that she has not obtained credit for time served in state custody [Doc. 1890, pg. 2]. The United States opposes Defendant's motion and argues that she does not meet the requirements for compassionate release [Doc. 1895].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). "[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir.2010)).

Defendant argues the BOP has improperly denied her credit for 635 days of time served in state custody before imposition of her federal sentence [Doc. 1890, pg. 2]. "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th

2

Case 2:18-cr-00017-DCLC-CRW   Document 1963   Filed 06/06/24   Page 2 of 7   PageID #: 13776

Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons.").

Generally, the vehicle to challenge the BOP's time computation is to exhaust administrative remedies then petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq*.). But to do so, the defendant must file it in the district in which she is incarcerated. *Anderson v. Warden, FCI Texarkana*, 48 F. App'x 118, 119–20 (6th Cir. 2002) (citing *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999), *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991), and *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). Here, Defendant has not moved under § 2241, and in any event the Court could not consider such a motion because Defendant is not incarcerated in this district.

Instead, Defendant moves under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. District courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34.

Here, Defendant contends she exhausted her administrative remedies because she received a response from the Designation and Sentence Computation Center, which she states is the "top of the administrative remedy chain," [Doc. 1890, pgs. 3–4], and because the warden denied a request

3

for compassionate release she submitted [Doc. 1890, pgs. 5–6]. The Government argues Defendant failed to satisfy the exhaustion requirement because she failed to state the reasons for which she was seeking compassionate release in her request to the warden [Doc. 1895, pg. 3; *see* Doc. 1889-5, pg. 1]. The Government further argues that although the Court may not grant a compassionate-release motion when the defendant has failed to exhaust administrative remedies, the Court may "*deny* such a motion for any reason that is supported in the record" [Doc. 1895, pg. 4]; *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). Here, even if Defendant had exhausted administrative remedies, her motion fails to meet the substantive requirements for compassionate release.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. The categories are as follows: (1) the defendant's medical circumstances; (2) defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody; (5) "other

4

reasons" similar in gravity as the foregoing reasons; and (6) gross sentence disparity due to retroactive changes in the law. U.S.S.G. § 1B1.13(b).

### A. Extraordinary and Compelling Reasons

Defendant argues she is eligible for a reduction in sentence because the BOP has withheld credit for time she served in state custody prior to her federal sentence [Doc. 1890, pg. 2]. She notes that the Court determined her federal sentence should run concurrently to state charges out of Anderson County [Doc. 1889-3; Doc. 1353, pg. 2]. However, federal law prohibits counting time toward a federal sentence if that time has already been credited toward another sentence. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); *see United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time.").

Here, the time Defendant served before imposition of her federal sentence has already been counted toward her state sentence. Because Defendant was in state custody and came to federal court on a writ of habeas corpus *ad prosequendum*, [*see* Doc. 31], she "was merely on loan" to federal authorities, and the state retained "primary jurisdiction" over her. *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023) (quoting *United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017)) (internal quotation marks omitted). In such circumstances, a defendant's pretrial detention applies toward any sentence imposed by the state. *Id.* Because that time applied toward her state sentence, it cannot apply toward her federal sentence. *See, e.g., Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002) (holding that where a district court ordered a federal sentence to run concurrent to existing state sentences, "[b]ecause [the defendant] received credit toward his state

5

sentences for the time" before imposition of the federal sentence, "he may not receive credit for this time toward his federal sentence"); *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."). That is exactly what the BOP determined [Doc. 1889-4]. Because the BOP did not err in its calculation, Defendant fails to show extraordinary and compelling reasons for compassionate release.

Defendant further notes that she has participated in various BOP programs to promote rehabilitation [Doc. 1890, pgs. 6–7]. But Congress has instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Further, rehabilitation is "expected of federal prisoners," and is therefore neither extraordinary nor compelling. *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021). Moreover, reducing Defendant's sentence on this basis would be inconsistent with the policy statement, which provides, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . ." U.S.S.G. § 1B1.13(d).

**B.      Applicable § 3553(a) Factors**

In any event, the 18 U.S.C. § 3553(a) factors do not support release. Defendant's offense was serious—she pleaded guilty to money laundering with the intent to promote the distribution of methamphetamine, and she stipulated that she was responsible for at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [Doc. 764, ¶¶ 1, 4(dd)]. She committed the instant offense while on probation for drug-trafficking charges and charges for felony evading arrest and driving under the influence [Doc. 932, ¶¶ 69, 71–72, 75]. Moreover, Defendant already received a substantial benefit from the Court departing below her guideline range at sentencing. Reducing her sentence any further would depreciate the seriousness of the offense, fail to provide just

punishment and promote respect for the law, provide inadequate deterrence, and insufficiently protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

## IV. CONCLUSION

Accordingly, Defendant's Motion for Compassionate Release [Doc. 1889] is **DENIED**.

**SO ORDERED:**

                                            s/ Clifton L. Corker
                                            United States District Judge

7

Case 2:18-cr-00017-DCLC-CRW   Document 1963   Filed 06/06/24   Page 7 of 7   PageID #: 13781